O

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

AHMED HUSSAIN SHARIFF,

       Plaintiff,

    v.

ALEJANDRO MAYORKAS,
UR JADDOU,
KATHY A. BARAN,
CALIFORNIA SERVICE CENTER,
  and
MERRICK GARLAND,

       Defendants.

Case No. 8:23-cv-00624-JWH-KES

**ORDER DENYING
DEFENDANTS' MOTION TO
DISMISS [ECF No. 21]**

## I.  SUMMARY OF DECISION

Before the Court in this immigration case is the motion of Defendants Alejandro Mayorkas, Ur Jaddou, Kathy A. Baran, California Service Center, and Merrick Garland to dismiss the Complaint filed by Plaintiff Ahmed Hussain Shariff for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure and for failure to state a claim under Rule 12(b)(6).[1]  With respect to the subject matter jurisdiction issue, in 2004 the Ninth Circuit concluded that "federal courts *retain* jurisdiction under [8 U.S.C.] § 1252 to decide any questions of law that may arise[.]"  *ANA Int'l, Inc. v. Way*, 393 F.3d 886, 892 (9th Cir. 2004) (emphasis added).  Other Circuit Courts, however, have concluded that, in nearly identical circumstances, a district court *lacks* subject matter jurisdiction.  Defendants now argue that the Supreme Court's 2022 decision in *Patel v. Garland*, 596 U.S. 328 (2022), confirms the analysis of those other Circuits and overrules *sub silentio* the Ninth Circuit's *ANA* decision.  This Court concludes that *Patel* does not extend that far, and, thus, it is compelled to follow Ninth Circuit precedent.

After considering the papers filed in support and in opposition,[2] as well as the argument of counsel during the hearing on the Motion, the Court **DENIES** Defendants' instant Motion, for the reasons set forth below.

## II.  BACKGROUND

Shariff initiated this action in April 2023 by filing a Complaint against Defendants in this Court.  Shariff's factual allegations in his Complaint are summarized as follows:

Shariff is a naturalized citizen of the United States.[3]  In May 2006, Shariff filed an I-130 Petition on behalf of Mohamed A. Abdulrab.[4]  In his I-130 Petition, Shariff

---

[1]  Defs.' Mot. to Dismiss (the "Motion") [ECF No. 21].

[2]  The Court considered the documents of record in this action, including the following papers:  (1) Compl. (the "Complaint") (including its attachments) [ECF No. 1]; (2) Motion; (3) Pl.'s Opp'n to the Motion (the "Opposition") [ECF No. 28]; (4) Defs.' Reply in Supp. of the Motion (the "Reply") [ECF No. 29]; (5) Pl.'s Supp. Brief (the "Shariff's Supplemental Brief") [ECF No. 33]; and (6) Defs.' Supp. Brief in Supp. of the Motion (the "Defendants' Supplemental Brief") [ECF No. 34].

[3]  Complaint ¶ 34.

[4]  *Id.* at ¶ 35; *id.*, Ex. F [ECF No. 1-1].

identified Mohamed[5] as Shariff's stepson.[6]  In June 2007, the Director of the California Service Center approved Shariff's I-130 Petition with respect to the beneficiary bearing the name "Mohamed A. Abdulrab."[7]

In 2016, an individual who called himself "Mohamed Ahmed Hussein Shariff" appeared at the United States embassy in Kuala Lumpur and claimed that he was the beneficiary under Shariff's I-130 Petition.[8]  Shariff alleges that "Mohammed[9] Abdulrab" and "Mohamed Shariff" are the same person.[10]  DNA evidence confirms that Mohamed is Shariff's **_biological_** son—not a genetically unrelated **_stepson_**.[11]

In August 2019, the United States Citizenship and Immigration Services (the "USCIS") issued a notice of intent to revoke Shariff's I-130 Petition.[12]  Three months later, the USCIS revoked the I-130 Petition under 8 U.S.C. § 1155[13] because Shariff did not establish "that the beneficiary legally changed his name under the requirements of 8 C.F.R. 204.2(d)(5).  Therefore, the evidence is insufficient to establish that the beneficiary qualified as a married son or daughter under section 203(a)(3) of the Act. Therefore, the petition is revoked as of the date of its approval."[14]  Shariff appealed the USCIS's revocation of his I-130 Petition to the Board of Immigration Appeals (the "BIA"), but the BIA upheld the revocation.[15]

In his instant Complaint, Shariff asserts the following four claims for relief against Defendants:

- violation of Fifth Amendment—8 U.S.C. § 1155 is unconstitutionally vague;
- violation of Equal Protection under the Fifth Amendment;
- procedural due process under the Fifth Amendment; and

---

[5]     The Court refers to Mohamed by his first name for the purpose of clarity.  No disrespect is intended.

[6]     Complaint ¶ 36.

[7]     _Id._ at ¶ 43; _id._, Ex. J [ECF No. 1-1].

[8]     _Id._ at ¶¶ 53-58.

[9]     The Complaint refers to the individual as both "Mohamed" and "Mohammed."

[10]    _See generally_ Complaint.

[11]    _Id._ at ¶ 58.

[12]    _Id._ at ¶ 55.

[13]    _Id._ at ¶ 59.

[14]    _Id._

[15]    _Id._ at ¶ 62.

- declaratory judgment.[16]

Defendants filed the instant Motion in November 2023, and it is fully briefed.  The Court conducted a hearing on Defendants' Motion in January 2024.

## III.  LEGAL STANDARD

### A.     Rule 12(b)(1)—Subject Matter Jurisdiction

"Under Rule 12(b)(1), a defendant may challenge the plaintiff's jurisdictional allegations in one of two ways."  *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).  A ***facial*** attack accepts the plaintiff's allegations as true but asserts that those allegations "are insufficient on their face to invoke federal jurisdiction."  *Id.* (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)).  The court resolves a facial attack "as it would a motion to dismiss under Rule 12(b)(6)":  in accepting the plaintiff's allegations as true and drawing all reasonable inferences in her favor, the court determines "whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction."  *Id.*

In contrast, a ***factual*** attack contests "the truth of the plaintiff's factual allegations," typically by introducing evidence outside the pleadings.  *Id.*  "When the defendant raises a factual attack, the plaintiff must support her jurisdictional allegations with 'competent proof,' under the same evidentiary standard that governs in the summary judgment context."  *Id.* (internal citation omitted).  The plaintiff bears the burden of proving—by a preponderance of the evidence—that he meets each of the requirements for subject-matter jurisdiction, with one caveat:  if the existence of jurisdiction turns on "disputed factual issues," then the court itself may resolve those factual disputes.  *Id.*

### B.     Administrative Procedure Act

Under the Administrative Procedure Act, a district court may set aside an agency decision if that decision is, *inter alia*, "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. . . ."  5 U.S.C. § 706(2)(A).  An agency's decision is arbitrary and capricious only if "the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise."  *Sw. Ctr. For Biological Diversity v. U.S. Forest Serv.*,

---

[16]     *Id.* at ¶¶ 247-299.

100 F.3d 1443, 1448 (9th Cir. 1996) (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)).  An agency action must be upheld so long as the agency "considered the relevant factors and articulated a rational connection between the facts found and the choice made." *Baltimore Gas & Elec. Co. v. Natural Resources Defense Council*, 462 U.S. 87, 105 (1983).  A court must defer to the agency's expertise, but that deference is not unlimited, and the court should not automatically defer if the agency fails to articulate a reasoned basis for its decision.  *See Marsh v. Oregon Natural Resources Council*, 490 U.S. 360, 378 (1989); *see also Baltimore Gas & Elec. Co.*, 462 U.S. at 105.

## C.    Rule 12(b)(6)—Failure to State a Claim

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint.  *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  In ruling on a Rule 12(b)(6) motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Am. Family Ass'n v. City & County of San Francisco*, 277 F.3d 1114, 1120 (9th Cir. 2002).  Although a complaint attacked by a Rule 12(b)(6) motion "does not need detailed factual allegations," a plaintiff must provide "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ." *Twombly*, 550 U.S. at 555 (citations and footnote omitted).  Accordingly, to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," which means that a plaintiff must plead sufficient factual content to "allow[] the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).  A complaint must contain "well-pleaded facts" from which the court can "infer more than the mere possibility of misconduct." *Id.* at 679.

## D.    Rule 15(a)—Leave to Amend

A district court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a).  The purpose underlying the liberal amendment policy is to "facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).  Therefore, leave to amend should be granted unless the court determines "that the pleading could not possibly be cured by the

allegation of other facts." *Id.* (quoting *Doe v. United States*, 8 F.3d 494, 497 (9th Cir. 1995)).

## E.  Regulatory Framework

A United States citizen may file a Form I-130 Petition for Alien Relative on behalf of a noncitizen beneficiary to establish the beneficiary's classification as an "immediate relative." 8 U.S.C. § 1154(a)(1)(A)(i). The "term 'immediate relatives' means the children, spouses, and parents of a citizen of the United States." 8 U.S.C. § 1151(2)(A)(i). The petitioner bears the burden to prove that the beneficiary is eligible to receive a visa. *See* 8 U.S.C. § 1361.

"The government commences the visa petition revocation proceedings by issuing a notice regarding its intent to revoke the petition." *Sandhu v. Sessions*, 2019 WL 13023918, at *3 (N.D. Cal. Oct. 25, 2019), *aff'd*, 856 F. App'x 74 (9th Cir. 2021). The petitioner may appeal a revocation decision to the BIA within 30 days of service of that decision. *See* 8 C.F.R. § 1003.3(a)(2).

# IV.  ANALYSIS

## A.  Subject Matter Jurisdiction

Defendants contend that 8 U.S.C. § 1252(a)(2)(B)(ii) deprives this Court of jurisdiction to review this action.[17] But Shariff insists that this Court is bound by the Ninth Circuit's 2004 decision in *ANA*, in which the Ninth Circuit concluded that federal courts have jurisdiction under 8 U.S.C. § 1252 to decide any questions of law.[18]

### 1.  Legal Framework

"The Secretary of Homeland Security may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any petition approved by him under section 1154 of this title." 8 U.S.C. § 1155. Section 1252(a)(2)(B)(ii) of Title 8 bars judicial review with respect to "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title." That statute is "narrowly construed," and it "only applies where a *statute* enumerated within sections 1151-1378 of the immigration code *explicitly* grants the Attorney General or the

---

[17]    Motion 18:15-22:14.

[18]    Opposition 9:24-10:2.

Secretary of Homeland Security discretion to make the decision in question." *Sheikh v. U.S. Dep't of Homeland Sec.*, 685 F. Supp. 2d 1076, 1083 (C.D. Cal. 2009) (emphasis in original).

In its *ANA* decision, the Ninth Circuit concluded that "federal courts retain jurisdiction under [8 U.S.C.] § 1252 to decide any questions of law that may arise[.]" *ANA*, 393 F.3d at 892. Although the "'may, at any time, for what he deems to be' portion of [8 U.S.C. § 1155] plainly authorizes some measure of discretion[,]" "the 'good and sufficient cause' language contained in [8 U.S.C.] § 1155" constitutes "a legal standard the meaning of which [the courts] retain jurisdiction to clarify." *See id.* at 893.

### 2.    Application

After considering the applicable law and the argument of counsel, the Court concludes that it possesses subject matter jurisdiction over the instant action.

Defendants urge the Court to revisit the findings of the *ANA* decision "due to significant changes in the law including the passage of the REAL ID Act of 2005 and the Supreme Court's recent decision in *Patel v. Garland*, 142 S. Ct. 1614 (2022)."[19] But the Court concludes that each of Defendants' arguments is unpersuasive and that the Ninth Circuit's *ANA* decision remains binding precedent.

First, the passage of the REAL ID Act does not mandate a revisitation of *ANA*. Although Congress made modifications to 8 U.S.C. § 1252(a)(2)(B), the Court agrees with Shariff's assertion that the language of Clause (ii) of that statute—which the *ANA* court reviewed—is essentially the same language at issue in this case.[20] Thus, the enactment of the current version of 8 U.S.C. § 1252(a)(2)(B) does not necessitate a review of the *ANA* decision.

Second, the Supreme Court's *Patel* decision does not overrule *ANA*, *sub silentio* or otherwise. As Shariff argues, and the Court agrees, "*Patel* construed a different section, § 1252(a)(2)(B)(i), not § 1252(a)(2)(B)(ii)."[21] Although *Patel* generally discusses statutory interpretation in the context of jurisdiction-stripping statutes in immigration decisions, *Patel*'s reasoning and theory is not "clearly irreconcilable" with the *ANA* decision. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003).

---

[19]    Motion 21:4-6.

[20]    Opposition 10:14-15.

[21]    Shariff's Supplemental Brief 6:10-11.

Defendants assert that "[e]very other Circuit has held that 8 U.S.C. § 1252(a)(2)(B)(ii) bars review of a revocation pursuant to 8 U.S.C. § 1155."[22]  It appears that Defendants are correct.  *See, e.g.*, *Green v. Napolitano*, 627 F.3d 1341, 1346 (10th Cir. 2010) ("[T]he decision to revoke an immigrant visa under [8 U.S.C.] § 1155 is an act of discretion that Congress has withheld from federal court review."); *Polfliet v. Cuccinelli*, 955 F.3d 377, 382 (4th Cir. 2020) (noting that "almost every other circuit has held that [8 U.S.C.] § 1155's plain language confers discretion" and concluding that "§ 1155's plain language confers discretion upon the Secretary to revoke visa petition," and, therefore, "judicial review of [the petitioner's] revocation decision is barred by [8 U.S.C.] § 1252(a)(2)(B)(ii)."").  Still, in *ANA* the Ninth Circuit squarely held that 8 U.S.C. § 1252(a)(2)(B)(ii) "does not bar judicial review of a visa revocation decision authorized by § 1155." *Id.* at 889.  This Court is bound by Ninth Circuit precedent on an issue of law, even—or, perhaps, especially—when other Circuits have ruled differently.  Accordingly, the Court concludes that it possesses subject matter jurisdiction over the instant action.

## B.  Substantive Analysis of the Claims

Defendants assert that Shariff's vagueness claim, equal protection claim, and due process claim must be dismissed under Rule 12(b)(6).  The Court evaluates each of Defendants' arguments in turn.

### 1.  Vagueness

#### a.  Applicable Law

Vagueness "challenges are evaluated on a case-by-case basis[.]"  *Munoz v. United States Dep't of State*, 2018 WL 6842829, at *6 (C.D. Cal. June 8, 2018).  "The degree of vagueness that the Constitution tolerates . . . depends in part on the nature of the enactment." *Vill. of Hoffman Ests. v. Flipside, Hoffman Ests., Inc.*, 455 U.S. 489, 498 (1982).  There is "greater tolerance of enactments with civil rather than criminal penalties because the consequences of imprecision are qualitatively less severe." *Id.* at 499.  The Supreme Court has explained that "perhaps the most important factor affecting the clarity that the Constitution demands of a law is whether it threatens to inhibit the exercise of constitutionally protected rights." *Id.*

---

[22]     Defendants' Supplemental Brief 1:2-3.

### b.    Application

Defendants assert that the void-for-vagueness doctrine is not appropriately applied in this context.[23]  Other courts have found that "the grave nature of deportation" justifies applying the void-for-vagueness doctrine to civil statutes.  *Jordan v. De George*, 341 U.S. 223, 231 (1951).  But, in this instance, Shariff "challenges the discretionary decision to revoke [Mohamed's] immediate relative classification," and, "[w]hile such revocation may inhibit or delay the beneficiary's ability to obtain an immigrant visa or apply to adjust status to lawful permanent resident, those outcomes do not share 'the grave nature of deportation.' "[24]

In response, Shariff asserts that the void-for-vagueness doctrine is applicable, because the statute allows Defendants to vitiate Shariff's constitutional rights.[25]

Given that this case is only at the pleading stage and the record is not fully developed, the Court cannot determine whether 8 U.S.C. § 1155 is unconstitutionally vague as specifically applied to this action.  *See, e.g.*, *Munoz*, 2018 WL 6842829, at *6 (concluding that it is "premature for the Court to rule on" whether the statute is "unconstitutionally vague as specifically applied to" the visa application on a motion for judgment on the pleadings because the record is not "fully developed").  Accordingly, Defendants' Motion is **DENIED** with respect to Shariff's vagueness claim.

### 2.    Equal Protection

Defendants contend that Shariff fails to state a valid equal protection claim.[26]  Defendants assert that Shariff's allegations do "not satisfy the *Twombly* and *Iqbal* standards of pleading."[27]  The Court is unpersuaded.  As Defendants concede, Shariff "alleges that the Government-identified group is non-citizens of Yemeni national origin."[28]  Shariff has also "identified a 'similarly situated group':  all other I-130 [petitioners] of non-Yemeni race, ethnicity, and/or national origin."[29]  For example,

---

[23]    Motion 24:15-16.

[24]    *Id.* at 24:4-9.

[25]    Opposition 19:1-4.

[26]    Motion 24:18-27:10.

[27]    *Id.* at 25:16-17.

[28]    *Id*. at 25:13-14.

[29]    Opposition 14:5-6.  *See* Complaint ¶ 283 ("Thus, Defendants violated [Shariff's] constitutionally protected rights to be free from discrimination on the basis of race or nationality by subjecting his I-130 petitions to a separate, distinct, and significant more stringent procedural regiment that systematically allows for and encourages individual officers to capriciously delay

Shariff alleges that Defendants have subjected "Yemeni-Americans and their family members to a distinct, heightened evidentiary and procedural burden that is not applied to any other Citizens, LPRs or family members of other races and/or national origins."[30]

In view of those allegations, and many similar averments set forth in the Complaint, the Court concludes that Shariff has sufficiently stated an equal protection claim. Accordingly, Defendants' Motion is **DENIED** with respect to this claim.

### 3.    Due Process

Defendants assert that Shariff fails to allege "a legitimate procedural deficiency in USCIS' revocation process."[31] "To bring a successful procedural due process claim, a plaintiff must point to (1) the deprivation of a constitutionally protected liberty or property interest, and (2) the denial of adequate procedural protections." *Gebhardt v. Nielsen*, 879 F.3d 980, 988 (9th Cir. 2018) (internal quotation marks and citation omitted).

In his Complaint, Shariff alleges that the USCIS violated the BIA's regulations by failing to submit the entire record of appeal.[32] Specifically, Shariff avers that the USCIS did not provide his marriage certificate to the BIA.[33]

Defendants assert that Shariff's "allegations do not accurately reflect the BIA decision."[34] The BIA decision provides as follows:

> [A]lthough [Shariff] argues that he has submitted a copy of his marriage certificate reflecting that he was married to the beneficiary's mother prior to the beneficiary's birth, as noted above, the record before the Director does not contain such evidence. [Shariff] did not submit evidence in response to the [Notice of Intent to Revoke] contesting the date of the marriage contained therein, nor did he include a date for his marriage on the visa petition submitted in response to the [Notice of Intent to Revoke].[35]

---

and deny I-130 Petitions filed by Yemeni-American United States citizens and by treating them differently than similarly situated non-Yemeni United States citizens applicants.").

[30]    Complaint ¶ 177.

[31]    Motion 27:28-28:1.

[32]    Complaint ¶ 290.

[33]    *Id.* at ¶ 47.

[34]    Motion 29:3.

[35]    Complaint, Ex. K [ECF No. 1-1] 46.

According to Defendants, because Shariff "failed to submit the marriage certificate" in response to the Notice of Intent to Revoke, "USCIS could not have considered it," and, therefore, "it would be inappropriate for the BIA to consider it for the first time on appeal."[36]  Defendants contend that "any absence of the marriage certificate in the record is due to [Shariff's] failure to provide it to USCIS, not because Defendants omitted it from the record sent to the BIA."[37]

In his Opposition, Shariff asserts that Defendants are simply attempting to "mask" their defect by arguing that the record did not contain the relevant evidence.[38]

In ruling on this Rule 12(b)(6) Motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to" Shariff.  *Am. Family Ass'n*, 277 F.3d at 1120.  Accordingly, the Court concludes that Shariff has stated a due process claim.  Thus, Defendants' Motion is **DENIED** with respect to this claim.

## V.  DISPOSITION

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1.      Defendants' instant Motion is **DENIED**.

2.      Defendants are **DIRECTED** to file their Answer no later than May 3, 2024.

**IT IS SO ORDERED.**

Dated:      April 17, 2024

John W. Holcomb
UNITED STATES DISTRICT JUDGE

---

[36]      Motion 29:13-16.

[37]      *Id.* at 29:16-19.

[38]      Opposition 16:4-8.